IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARKOS ESQUER,

        Petitioner,

vs.                                                                                              No. CIV 23-0787 JB/GJF

R. OTERO, Warden; BOARD OF COUNTY
COMMISSIONERS; FNU JONES, Warden,
and RAUL TORRES, Attorney General,

        Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed April 15, 2024 (Doc. 11)("Petition"), which the Court construes under 28 U.S.C. § 2254. Petitioner Markos Esquer challenges his 2023 State convictions for aggravated fleeing, unlawfully taking a motor vehicle, and aggravated battery, alleging numerous due process violations and other errors. The Honorable Gregory J. Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Esquer to show cause why the Court should not dismiss his habeas claims for failing to exhaust State remedies, as 28 U.S.C. § 2254(b)(1)(A) requires. See Order to Show Cause, filed April 17, 2024 (Doc. 14). Esquer responded to the Order to Show Cause. See Attempt to Show Cause, filed April 26, 2024 (Doc. 15)("Response"). The Response does not show that Esquer satisfied the exhaustion requirement or that the exhaustion requirement should be waived. The Court, therefore, dismisses this matter without prejudice for failure to exhaust State remedies.

## BACKGROUND

The following background facts are taken from the Petition and the New Mexico State Court docket in State of New Mexico v. Markos Esquer, D-202-CR-202101201 (2021)("Esquer"). The

state docket is subject to judicial notice.  See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(recognizing that courts have "discretion to take judicial notice of publicly filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand").  In December, 2023, Esquer pled guilty in State court to unlawful taking of a motor vehicle, aggravated fleeing a law enforcement officer, and aggravated battery.  See Esquer, Habitual Offender Plea and Disposition Agreement, filed December 13, 2023.  The State court entered a judgment, sentencing him to serve a term of incarceration at the Metropolitan Detention Center ("MDC"), in Albuquerque, New Mexico, of six years, less one day, with two years, less one day suspended.  See Esquer, Judgment and Sentence, filed December 15, 2023.  The sentence also gave Esquer 920 days of presentence confinement credit.  See Esquer, Judgment and Sentence, filed December 15, 2023.

On September 14, 2023, Esquer commenced this case by filing a handwritten Petition for Emergency Writ of Habeas Corpus under § 2254 (Doc. 1).  The Court referred the matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed September 15, 2023 (Doc. 3). Esquer filed an Addendum to Petition for Emergency Writ of Habeas Corpus 28 U.S.C. §§ 2254, 2241 on January 23, 2024 (Doc. 4).  Upon review of the original petition and the addendum, Judge Fouratt entered an Order Directing Amendment, filed April 4, 2024 (Doc. 10), requiring Esquer to clarify his claims by filing them on an appropriate habeas petition.  In the Order Directing Amendment, Magistrate Judge Fouratt provided an overview of the difference between habeas claims arising under § 2241 and § 2254 and civil rights claims arising under 42 U.S.C. § 1983, which must be raised separately from habeas claims.  See Order Directing Amendment at 2-6.

Esquer filed the present Petition in response.  See Petition at 1.

The Petition includes claims challenging the validity of his conviction and the conditions of confinement at MDC.  See Petition at 1-4.  On March 25, 2024, Magistrate Judge Fouratt entered the Order to Show Cause, requiring Esquer to show cause why the Court should not dismiss his § 2254 claims for failure to exhaust state remedies.  See Order to Show Cause at 1.  As to Esquer's conditions of confinement claims, Judge Fouratt reminded Esquer that he could pursue his conditions of confinement claims by filing a § 1983 complaint to commence a civil rights case. See Order to Show Cause at 2.  In his Response and in a Notice of Additional Issues, filed April 26, 2024 (Doc. 16)("Addendum"), Esquer contends that the primary reason that he has not exhausted his State remedies is his ignorance of the law.  See Response at 1-3.  On June 7, 2024 -- twenty-one days after the show cause deadline -- Esquer filed a Second Amended Petition (Doc. 17), seeking habeas relief under § 2241.  In the Second Amended Petition, Esquer challenges the execution of his sentence, arguing that he was wrongfully classified as a serious violent offender and, as a result, faces a heightened level of danger in prison relative to what he would experience were he properly classified.  See Second Amended Petition at 3.

**LAW REGARDING § 2254 AND EXHAUSTION OF STATE REMEDIES**

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  When a State prisoner challenges his custody and, by way of relief, seeks to vacate his sentence and obtain immediate or speedy release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr.,

518 F.2d 694, 695 (10th Cir. 1975).

A court generally may not grant a writ of habeas corpus unless the applicant has exhausted State remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d at 1534.  "'Fair presentation', in turn, requires that the petitioner raise in state court the 'substance' of his federal claims."  Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief."  Dever v. Kansas State Penitentiary, 36 F.3d at 1534.  See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)("'A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.'" (quoting Wilson v. Workman, 577 F.3d 1284, 1291 (10th Cir. 2009))).  The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  See 28 U.S.C. § 2254 (allowing a writ of habeas corpus in the absence of state remedy exhaustion only if "there is an absence of available State corrective process" or "such circumstances exist that render such process ineffective to protect the rights of the applicant").

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the petition's face.  United States v. Mitchell, 518 F.3d 740, 746

n.8 (10th Cir. 2008). As the United States Court of Appeals for the Tenth Circuit has explained, "habeas proceedings are different from ordinary civil litigation and, as a result, [the] usual presumptions about the adversarial process may be set aside." United States v. Mitchell, 518 F.3d 740, 746 (10th Cir. 2008). Likewise, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 (hereinafter, "Habeas Corpus Rules"), requires sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." Habeas Corpus Rule 4.

## **ANALYSIS**

The Court will not consider the merits of the Second Amended Petition in this case. Although the Petition presently before the Court is styled as a § 2241 petition, because it challenges the validity of Esquer's conviction and sentence, it arises under § 2254. The Second Amended Petition raises a new claim for relief, namely, a challenge to the execution of Esquer's sentence, which arises under 28 U.S.C. § 2241. See Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008)(§ 2241"is a vehicle for . . . for attacking the execution of a sentence."). If Esquer intends to pursue a challenge to the execution of his sentence, he may commence a separate habeas action by filing a § 2241 petition in a new case. Esquer is advised, however, that like § 2254 claims, raised in the Petition presently before the Court, § 2241 claims are subject to an exhaustion requirement. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)("While § 2241 does not contain an express exhaustion requirement, [the Tenth Circuit has] held that exhaustion of administrative remedies is considered a prerequisite to the filing of a federal habeas corpus petition

pursuant to this statute."). Moreover, from the face of the Second Amended Petition, it appears that Esquer has not yet pursued State remedies.

As noted above, the Court cannot reach the merits of a petitioner's habeas claims unless "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas, 36 F.3d at 1534. Courts must dismiss habeas claims without prejudice where the "petitioner's failure to exhaust is clear from the face of the petition," Allen v. Zavaras, 568 F.3d 1197, 1201 (10th Cir. 2009), and no other § 2254 exceptions to the exhaustion rule apply, see Kilgore v. Attorney Gen. of Colorado, 519 F.3d 1084, 1089 (10th Cir. 2008)(clarifying that sua sponte dismissal is permitted where the procedural defect is "clear from the face of the petition itself"). The Petition and the State court dockets confirm that Esquer has not presented properly the issues he raises in the Petition to the Supreme Court of New Mexico, the State of New Mexico's highest court, either by direct review of the conviction or in a postconviction attack.

Esquer also does not show that "there is no opportunity to obtain redress in state court" or that "the corrective process available through the state courts is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. at 3. Although the time within which to file a direct appeal in the State court has passed, see NMRA, Rule 12-201(A)(1)(b) (stating that an appeal must be taken within "thirty . . . days after the judgement or order appealed from is filed in the district court clerk's office"), Esquer may seek habeas relief by filing a petition in the State trial court and, if necessary, seeking a petition for a writ of certiorari in the Supreme Court of New Mexico. See NMRA Rule 5-802 (governing the procedure for filing a writ of habeas corpus in the state court and including a reference to state habeas Form 9-701 NMRA); Rule 12-501

(governing petitions for a writ of certiorari in the Supreme Court of New Mexico seeking review of the denial of a state habeas petition by the trial court). Esquer's ignorance of the law cannot excuse the exhaustion requirement. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000)(holding that ignorance of the law cannot overcome § 2254's procedural requirements); Herd v. Tapia, 356 F. App'x 140, 143 (10th Cir. 2009)(unpublished)("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust."); Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. 2006)(unpublished)("[I]gnorance of the [requirement to exhaust] . . . neither removes fault from the petitioner nor sets him apart from any other case."). Because Esquer has not met the federal exhaustion requirement or demonstrated that he should be excused from it, the Court dismisses this matter without prejudice.

The Court also will deny a certificate of appealability. Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that this ruling is not reasonably debatable and denies a certificate of appealability.

**IT IS ORDERED** that: (i) the Amended Habeas Petition Under 28 U.S.C. § 2254, filed April 15, 2024 (Doc. 11), is dismissed without prejudice; (ii) a certificate of appealability is denied; (iii) the Court will enter a separate Final Judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Markos Esquer
Albuquerque, New Mexico

    *Petitioner pro se*