IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARKOS ESQUER,

    Petitioner,

vs.                                                                          No. CIV 23-0787 JB/GJF

R. OTERO, Warden; BOARD OF COUNTY
COMMISSIONERS; FNU JONES, Warden,
and RAÚL TORRES, Attorney General,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Motion to Reopen Case, filed September 10, 2024 (Doc. 24)("First Reopen Motion"); (ii) Motion for Appointment of Counsel, filed November 22, 2024 (Doc. 27); (iii) Motion for Leave to Proceed in Forma Pauperis, filed December 6, 2024 (Doc. 30); and (iv) Second Motion to Reopen Case, filed January 6, 2025 (Doc. 34)("Second Reopen Motion"). Plaintiff Markos Esquer asks to reopen this case, because the State court ruled on his State habeas corpus petition while this case was closed. See First Reopen Motion at 1; Second Reopen Motion at 1. Esquer does not provide grounds to reopen the case under rule 60(b) of the Federal Rules of Civil Procedure. Having carefully considered the record, applicable law, and the arguments, the Court denies Esquer's four pending motions. Esquer may initiate a new habeas corpus case if he wishes to pursue his claims.

## BACKGROUND

The following background facts are taken from Esquer's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed April 15, 2024 (Doc. 11)("Petition"), and the New Mexico State Court docket in State of New Mexico v. Markos Esquer, D-202-CR-202101201 (2021)("Esquer"). The State docket is subject to judicial notice. See United States v. Ahidley,

486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(recognizing that courts have "discretion to take judicial notice of publicly filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand").  In December, 2023, Esquer pleads guilty in State court to unlawful taking of a motor vehicle, aggravated fleeing a law enforcement officer, and aggravated battery.  See Esquer, Habitual Offender Plea and Disposition Agreement (filed December 13, 2023).  The State court enters a judgment, sentencing him to serve a term of incarceration at the Metropolitan Detention Center ("MDC"), in Albuquerque, New Mexico, of six years, less one day, with two years, less one day, suspended.  Esquer, Judgment and Sentence at 1 (filed December 15, 2023).  The sentence also gives Esquer 920 days of presentence confinement credit.  See Esquer, Judgment and Sentence at 1.

On September 14, 2023, Esquer commences this case by filing a handwritten Petition for Emergency Writ of Habeas Corpus under § 2254 (Doc. 1).  The Court refers the matter to the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed September 15, 2023 (Doc. 3).  Esquer files an Addendum to Petition for Emergency Writ of Habeas Corpus 28 U.S.C. §§ 2254, 2241 on January 23, 2024 (Doc. 4).  Upon review of the original petition and the addendum, Magistrate Judge Fouratt enters an Order Directing Amendment, filed April 8, 2024 (Doc. 10), requiring Esquer to clarify his claims by filing them on an appropriate habeas petition.  In the Order Directing Amendment, Magistrate Judge Fouratt provides an overview of the difference between habeas claims arising under § 2241 and § 2254 and civil rights claims arising under 42 U.S.C. § 1983, which must be asserted separately from habeas claims.  See Order Directing Amendment at 2-6.  Esquer files the Petition in response.

The Petition includes claims challenging the validity of Esquer's conviction and the conditions of confinement at MDC. See Petition at 1-4. On April 17, 2024, Magistrate Judge Fouratt enters an Order to Show Cause, construing the Petition under 28 U.S.C. § 2254, and requiring Esquer to show cause why the Court should not dismiss his § 2254 claims for failure to exhaust state remedies. See Order to Show Cause at 1, filed April 17, 2024 (Doc. 14). As to Esquer's conditions-of-confinement claims, Magistrate Judge Fouratt reminds Esquer that he can pursue his conditions-of-confinement claims by filing a § 1983 complaint to commence a civil rights case. See Order to Show Cause at 2. In his Response to the Order to Show Cause, filed April 26, 2024 (Doc. 15)("Response"), and in a Notice of Additional Issues, filed April 26, 2024 (Doc. 16)("Addendum"), Esquer argues that the primary reason that he has not exhausted his State remedies is his ignorance of the law. See Response at 1-3. On June 7, 2024 -- twenty-one days after the show cause deadline -- Esquer filed the Second Amended Petition seeking habeas relief under § 2241. In the Second Amended Petition, Esquer challenges the execution of his sentence, arguing that he is classified wrongfully as a serious violent offender and, as a result, faces a heightened level of danger in prison relative to what he would experience were he classified properly. See Second Amended Petition at 3.

By Memorandum Opinion and Order entered June 28, 2024, the Court dismisses the Petition without prejudice for failure to exhaust State remedies. See Memorandum Opinion and Order, filed June 28, 2024 (Doc. 18)("Dismissal MOO"). The Court notes that, although the Petition is styled as a § 2241 petition, it challenges the validity of Esquer's conviction and sentence, and, therefore, proceeds under § 2254. See Dismissal MOO at 5. The Second Amended Petition brings a new claim for relief, namely, a challenge to the execution of Esquer's sentence, which arises under 28 U.S.C. § 2241. See Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir.

2008)(§ 2241"is a vehicle for . . . for attacking the execution of a sentence"). Thus, the Court does not consider the Second Amended Petition's merits and directs Esquer to commence a separate habeas action by filing a § 2241 petition in a new case if he intends to pursue a challenge to the execution of his sentence. See Dismissal Moo at 5.

The Dismissal MOO also explains that the Court cannot reach the merits of a petitioner's habeas claims unless "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas, 36 F.3d at 1534. Courts must dismiss habeas claims without prejudice where the "petitioner's failure to exhaust is clear from the face of the petition," Allen v. Zavaras, 568 F.3d 1197, 1201 (10th Cir. 2009), and no other § 2254 exceptions to the exhaustion rule apply, see Kilgore v. Attorney Gen. of Colorado, 519 F.3d 1084, 1089 (10th Cir. 2008)(clarifying that sua sponte dismissal is permitted where the procedural defect is "clear from the face of the petition itself"). The Petition and the State court dockets confirm that Esquer has not presented properly the issues which he brings in the Petition to the Supreme Court of New Mexico, the State of New Mexico's highest court, either by direct review of the conviction or in a postconviction attack. Esquer also does not show that "there is no opportunity to obtain redress in state court" or that "the corrective process available through the state courts is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Although the time within which to file a direct appeal in the State court has passed, see N.M.R.A., Rule 12-201(A)(1)(b) (stating that an appeal must be taken within "thirty . . . days after the judgement or order appealed from is filed in the district court clerk's office"), Esquer can seek habeas relief by filing a petition in the State trial court and, if necessary, seeking a petition for a writ of certiorari in the Supreme Court of New Mexico. See N.M.R.A. Rule 5-802 (governing the procedure for filing a writ of habeas corpus in

the state court and including a reference to state habeas Form 9-701 N.M.R.A.); N.M.R.A. Rule 12-501 (governing petitions for a writ of certiorari in the Supreme Court of New Mexico seeking review of the denial of a state habeas petition by the trial court).  Because Esquer has not met the federal exhaustion requirement or demonstrated that he should be excused from the federal exhaustion requirement, the Court dismisses the case without prejudice.  See Dismissal MOO at 7.

## ANALYSIS

Esquer files his four post-judgment motions more than twenty-eight days after entry of the Dismissal MOO and Judgment.  The Court enters the Judgment on June 28, 2024, and Esquer files the post-judgment motions on September 10, 2024, November 22, 2024, December 6, 2024, and January 6, 2025.  See First Reopen Motion at 1, Motion to Appoint Counsel at 1, Motion to Proceed IFP at 1, and Second Reopen Motion at 1.  The Court therefore must analyze the post-judgment Motions under rule 60(b) of the Federal Rules of Civil Procedure.  See Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).  Rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (iii) fraud.  See Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  However, rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

Having considered the record, the Court concludes that none of these circumstances exists in this case.  The grounds that Esquer proffers for his request to reopen this case are that the Supreme Court of New Mexico dismisses his State habeas corpus petition on September 10, 2024.  See Second Reopen Motion at 1.  This ground does not demonstrate grounds for relief under rule

60(b), because Esquer may file a new habeas petition if he wishes to challenge his state convictions, as the Court explains in the Dismissal MOO. See Dismissal MOO at 6-7 (explaining that Esquer must first exhaust his claims and then file a habeas corpus petition in this Court). There is no indication in the record that Esquer's claims are time-barred, and he has not paid any portion of the filing fee in this closed case. Esquer may file a new § 2254 petition and address the filing fee requirement in that case if he still if he wishes to challenge his state criminal convictions. Because Esquer does not demonstrate grounds for relief under rule 60(b), and because the Court, in the Dismissal MOO, dismisses his claims without prejudice, the Court denies the First Reopen Motion and the Second Reopen Motion. The Court also denies Esquer's Motion to Appoint Counsel and Motion for Leave to Proceed IFP, because they do not address the Dismissal MOO or otherwise establish grounds for relief under rule 60(b). The Court also denies a certificate of appealability.

**IT IS ORDERED** that: (i) the Plaintiff's Motion to Reopen Case, filed September 10, 2024 (Doc. 24), is denied; (ii) the Plaintiff's Motion for Appointment of Counsel, filed November 22, 2024 (Doc. 27), is denied; (iii) the Plaintiff's Motion for Leave to Proceed in Forma Pauperis, filed December 6, 2024 (Doc. 30), is denied; (iv) the Plaintiff's Second Motion to Reopen Case, filed January 6, 2025 (Doc. 34), is denied; and (v) a certificate of appealability is denied.

                                                             _____
                                                             UNITED STATES DISTRICT JUDGE

*Parties:*

Markos Esquer
Albuquerque, New Mexico

    *Plaintiff pro se*